# United States Court of Appeals for the Fifth Circuit

No. 22-50210
CONSOLIDATED WITH
No. 22-50211
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 21, 2022

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ABRAHAM CONDE-HERRERA,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-853-1, 4:22-CR-1-1

Before HIGGINBOTHAM, GRAVES, and HO, *Circuit Judges*.

PER CURIAM:[*]

Abraham Conde-Herrera appeals his sentence of 63 months of imprisonment and three years of supervised release imposed following his

---

[*] Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

guilty plea conviction for illegal reentry after removal, as well as the revocation of the term of supervised release he was serving at the time of the offense. Regarding the illegal reentry sentence, he argues that 8 U.S.C. § 1326(b) is unconstitutional because it allows a sentence above the otherwise applicable statutory maximum of two years of imprisonment and one year of supervised release based on facts that are neither alleged in the indictment nor found by a jury beyond a reasonable doubt. Because Conde-Herrera does not address the revocation or the revocation sentence, he has abandoned any challenge to them. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Conde-Herrera has filed an unopposed motion for summary disposition and a letter brief correctly conceding that the only issue he raises is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998). *See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019). He explains that he has raised the issue to preserve it for possible further review. Accordingly, because summary disposition is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), Conde-Herrera's motion is GRANTED, and the district court's judgments are AFFIRMED.